UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARY JASON
4255 Thornwood Drive
Williamsville, New York 14221

        Plaintiff,                        **COMPLAINT AND DEMAND FOR JURY TRIAL**
    -v-                                 **UNLAWFUL DEBT COLLECTION PRACTICES**

PORTFOLIO RECOVERY ASSOCIATES, LLC         Case Number:
120 Corporate Blvd.
Norfolk, Virginia 23502

        Defendant,
_____

        COMES NOW, The Plaintiff, by and through his undersigned attorneys, as and for his complaint against the Defendant and alleges as follows:

1. That this is an action for damages brought by an individual consumer for the Defendants violations for the fair debt collections practices act, 15 U.S.C.§1692, et. seq. (herein after "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this Court arises under 15U.S.C. §1692k, 28U.S.C. §1337, 1367, 2201, and 2202. Venue in this district is appropriate in that the Defendant transacts business here and the conduct complained of occurred within this district.

3. The Plaintiff Gary Jason, is a natural person residing in the Western District of New York, and more specifically in the Town of Williamsville, New York.

4. The Defendant, Portfolio Recovery Associates, LLC, is a corporation engaged in the business of collecting debts in this state.  Upon information and belief, Defendant is a company formed under the laws of the State of Delaware, with its principle place of business located at 120 Corporate Blvd. Suite 100, Norfolk, Virginia 23502, and which is authorized to conduct business  in this State.  The principle purpose of the Defendant's business is collection of debts using mail and or telephone, and the

Defendant regularly attempts to collect debts alleged to be due to others. The Defendant is a debt collector as defined by FDCPA §15U.S.C. §1692a.

5. The Defendant has been attempting to collect an alleged debt from the Plaintiff, and the Defendant had submitted the alleged debt to the National Arbitration Forum in October of 2007. That as a result of same, the Plaintiff contacted the undersigned attorney for representation and defense of this alleged debt. At that time, the Defendant was put on notice that the Plaintiff had representation for any communication or negotiation relative to this debt and that all communication with the Plaintiff should immediately cease and only be directed to Plaintiff's counsel. Therefore, the Defendant has clearly been on notice of the actual representation of the Plaintiff for quite some time.

6. That through the arbitration process, the Plaintiff requested all back up documentation and verification of the debt. That this verification and supporting documentation was never provided and therefore the claim was dismissed from the arbitration forum.

7. Thereafter, the Defendant continued to contact the Plaintiff directly, contrary to the direction of Plaintiff's counsel. Specifically, in June of 2009 the Defendant contacted the Plaintiff in an attempt to collect this disputed debt. Plaintiff advised his Counsel of this contact and direction was again made to the Defendant to cease all communications, as previously confirmed. However, the Defendant did not cease the direct communication with the Defendant and made further calls to the Plaintiff at his home and his business.

8. On or about July 14, 2009 a representative from the Defendant, Danielle, contacted the Defendant at his place of employment in violation of the FDCPA. Additionally, there had been repeated calls from the Defendant to the Plaintiff's place of employment prior to July 14, 2009. At that time Plaintiff requested that Defendant cease all communications with Plaintiff and to contact Plaintiff's Attorney. Plaintiff provided the Defendant with the name and phone number of Plaintiff's Attorney.

9. Thereafter on July 16, 2009 additional contact was made to the Defendant from Plaintiff's counsel. A representative of the Defendant, Tonicia, confirmed that Defendant had, in fact, been contacting the Plaintiff directly, and at work, although their file had clearly noted actual attorney representation.

10.     That the contacts from the Defendant were abusive, deceptive, harassing, and unfair pursuant to the FDCPA. As a result of these contacts the Plaintiff has suffered embarrassment, stress, humiliation, loss of sleep, and other manifestations of the Defendant's harassing behaviors and actions.

11.     Therefore, the Plaintiff requests damages and relief against the Defendant for violations of the FDCPA including, but not limited to, §1692c by contacting a third party, the Plaintiff's employer without Plaintiff's prior consent, and contrary to prior direction; and by contacting the Plaintiff after the Plaintiff has requested the Defendant cease all communications and direct communications to counsel; violation of §1692g by failing to provide verification of the debt and continuing its debt collection efforts after the Plaintiff has disputed the debt in writing; and other violations as discovery in this case may reveal.

11.     As a result of the above violations the Defendant is liable to the Plaintiff for Declaratory Judgment that the Defendant's conduct violated the FDCPA, the Plaintiff's actual damages, statutory damages, costs, and attorney fees.

     WHEREFORE, Plaintiff respectfully requests that Judgment be entered against the Defendant for the following:

a)     Declaratory Judgment that the Defendant's conduct violated the FDCPA, Declaratory and Injunctive Relief for the Defendants violations.

b)     Actual damages.

c)     Statutory damages pursuant to 15U.S.C.§1692k.

d)     Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

e)     For such other and further relief as may be just and proper.

The Plaintiff demands a trial by jury of all issues raised herein.

DATED:     Buffalo, New York
            August 28, 2009

                              FEUERSTEIN & SMITH, LLP

                              By:   /s Mark E. Guglielmi

Mark E. Guglielmi, Esq.
Attorney for Plaintiff
Office and Post Office Address
17 St. Louis Place
Buffalo, New York 14202
(716) 856-9704  Telephone
(716) 856-9707  Facsimile

# VERIFICATION

STATE OF NEW YORK        )
COUNTY OF ERIE           ) ss:
CITY OF BUFFALO          )

      Gary Jason being duly sworn deposes and says: that deponent is the Plaintiffs in the within action; that deponents have read the foregoing Complaint and knows the contents thereof; that the same is true to the best of deponents' own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as those matters deponent believes it to be true.

                                            /s Gary Jason
                                            _____
                                            Gary Jason

Sworn to before me this
28th day of August, 2009.

/s Mark E. Guglielmi

_____
Notary Public/Commissioner of Deeds